## *AT A CIRCUIT COURT, HELD AT SUNBURY, [*262 OCTOBER 1805.

CORAM---YEATES, JUSTICE.

# Lessee of George Irwin *against* George Bear and Evan Owen.

Recitals in a patent of sundry transfers of a location, no evidence against a prior patentee of the same lands.

Whether a warrant or application describes a certain tract of land or not, can only be judged of by the words of it ; but the sentiments of the people as to certain streams of water, or their names in early times, may be given in evidence.

EJECTMENT for 34 acres of land in Fishing Creek township. The plaintiff claimed under an application, in the name of William Patterson, cooper, for 300 acres of land, on the N. E. branch of Susquehannah, near the mouth of Fishing Creek, adjoining land applied for by William Barton and Francis Stewart, dated 3d April 1769, No. 390.　A survey was made thereon on the 22d August 1769, one mile from the mouth of Fishing Creek ; and on the 20th January 1789, a patent issued to the lessor of the plaintiff, reciting a deed poll from the said William Patterson to William West, dated the 6th September 1773 ; one other deed poll from the said West to Alexander Roddy, dated 7th December 1774, and one other deed poll from the said Roddy to George Irwin aforesaid.

The defendants claimed under an application in the name of Thomas Hughes, for 300 acres of land in the second forks of Fishing Creek, dated 3d April 1769, No. 2689 ; a survey thereon on the 14th September 1769 ; a deed poll from the said Thomas

[Irwin's Lessee *v.* Bear and Owen.]

Hughes to Evan Owen, dated 14th August 1773, and a patent thereon to the said Evan Owen, dated 12th October 1773.

The plaintiff's counsel offered his patent in evidence, without producing the deeds poll in evidence, transferring the interest in the application. The defendants' counsel objected to it, inasmuch as they claimed under an earlier patent from the proprietaries, dated in 1773, and therefore the patent of 1789 was no evidence against them.

*Per Cur.* I cannot hinder the reading of the patent ; but what use is to be made of it is another thing. Ford *v.* Lord Grey, 6 Mod. 45. The recitals therein are not evidence against the defendants, as the case stands before me. This however appears to be a surprize on the opposite counsel, who produced those deeds at a former trial in October 1795, against another of Owen's tenants, and therefore I should recommend the waiving of the objection, and the trial of the cause to proceed on its merits.

The objection was waived accordingly.

The point chiefly in controversy was, as to the relative merit *of the applications, whether they were descriptive of the lands in question.

The defendants objected that Patterson's application called for lands near the mouth of Fishing Creek, and that this survey was one mile distant therefrom, with a large tract on the river intervening. The plaintiff objected, that Hughes's application described lands seven miles above the tract in dispute, by calling for the second forks of Fishing Creek.

The counsel for the defendants offered to shew in evidence, that Thomas Hughes, the original owner of the application, in his name, and who made the discovery thereof, was, when he made the description thereof, on a certain stream of water running through the land in question, and that the said stream of water was then considered by him and the people with him as the second fork of Fishing Creek ; and that then sitting upon a log on the land he made the description thereof, which was inserted in his application. The plaintiff's counsel excepted to this evidence, and the objection was argued.

*Per Cur.* Part of the testimony offered is admissible, and part thereof is inadmissible.

The sentiments of the people as to streams of water, and the names whereby they were usually called, at an early day when the country was unexplored, may certainly be given in evidence; and due allowance will be made for inaccuracies in these particulars ; but this indulgence must be confined to reasonable bounds ; it cannot vary the locality of the lands described in a warrant or application.

The decisions have uniformly been, that such inceptions of right must be judged of *ex visceribus suis,* from what appears on the face of them. Whether they sufficiently describe or locate precisely particular lands, can only be determined by com-

[Albright *v.* Pickle.]

paring the terms wherein they are expressed, with the natural or artificial boundaries described therein ; and these boundaries must be ascertained by evidence, either written or oral. It is of no avail what the intention of the party is, if he does not reduce it to writing when he applies for the lands, though his intention may be given in evidence against him to defeat his claim to other lands, than those he really meant.

These rules are bottomed on sound policy, and conduce to justice, common safety and public convenience. A contrary practice necessarily tends to error, litigation, fraud, and perjury. A contract is the act of two minds ; it either binds both parties, or is obligatory on neither. The vendors of lands, whether they be the general lords of the soil or private individuals, are bound by the plain meaning of their written contracts. If the descrip- *tion of lands be materially and radically defective, and naturally lead to mistake, the party applying must impute [*264 his misfortune to himself. How can any man safely lay out his money in taking up lands, unless by applying to the public offices, he can discover whether the lands have been before appropriated ? He cannot penetrate into the bosoms of others, nor receive information, that a particular tract not described in a location, was intended by the party, sitting on a log lying on the land.

The latter part of the evidence offered must be overruled.

The defendants' counsel proposed to take a bill of exceptions, which was assented to. But nothing further was said of it.

Verdict for the plaintiff.

Messrs. C. Smith and Hall, *pro quer.*

Messrs. Duncan and D. Smith, *pro def.*

Cited in 19 Pa. 40 to show that recitals in a patent are not evidence against one holding by settlement, or other right, originating prior to the date of the patent.

